UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                Chapter 11

United Marion LLC.,                                   Case No. 11-11108 (SMB)
United Walton LLC,                                    Case No. 11-11109 (SMB)
                                                      (Jointly Administered)
                    Debtors.
------------------------------------------------------------------x

**ORDER (I) AUTHORIZING SOVEREIGN TO EXECUTE A
CONTRACT OF SALE FOR THE DEBTORS' PREMISES SUBJECT TO
HIGHER AND BETTER OFFERS AND (II) AMENDING THE BIDDING
PROCEDURES IN CONNECTION THEREWITH**

Upon the motion (the "Supplemental Sale Motion"), dated October 13, 2011, of Sovereign Bank, ("Sovereign"), as attorney-in-fact to United Marion LLC and United Walton LLC (collectively, the "Debtors"), for entry of an order pursuant to sections 105(a), 363, 365, 503 and 1146(a) of chapter 11, title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 6004, 6006, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York: (i) authorizing Sovereign to execute that certain Contract of Sale ("Contract of Sale") between Debtors and Marshall Rose (the "Proposed Purchaser"), as the attorney-in-fact for the Debtors, which Contract of Sale will be used in connection with the sale of the real property located at 2445 Walton Avenue, Bronx, New York 10468 and 2463 Marion Avenue, Bronx, New York 10458, together with any and all articles of personal property attached to or used in any way in connection with the operation of or renting of the premises, as well as the Debtors' rights in any residential leases with respect thereto (collectively, the "Premises") and (ii) approving the proposed amended bidding procedures (the "Amended Bidding Procedures") annexed hereto as Exhibit "A"; and this Court having reviewed the

529024

Supplemental Sale Motion and having held a hearing on the Supplemental Sale Motion on October 20, 2011 (the "Amended Procedures Hearing"); and, based on the Supplemental Sale Motion and the record of the Amended Procedures Hearing, it now appearing that the relief requested in the Supplemental Sale Motion is in the best interest of the Debtors, their estates, and all parties in interest; and after due deliberation thereon and good cause appearing thereof, it is hereby;

**FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Supplemental Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Supplemental Sale Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the relief sought in the Supplemental Sale Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Supplemental Sale Motion has been afforded to all interested persons and entities, including (a) the Debtors; (b) the Debtors' secured creditors; (c) the Office of the United States Trustee; (d) the twenty largest unsecured creditors of the Debtors and (e) all persons who or which have filed and served a notice of appearance and request for papers in this case. The form and manner of notice set forth above shall constitute good and sufficient notice and any requirements for other notice be, and hereby are, waived and dispensed with pursuant to Bankruptcy Rules 2002, 6006, 9006 and 9007 and Section 105 of the Bankruptcy Code.

C. The Proposed Purchaser's bid and the Contract of Sale will encourage fair and competitive bidding by setting a minimum price for the proposed sale (the "Sale") of the Premises, while subjecting the Proposed Purchaser's bid to any higher or better offers.

529024

D. Sovereign has articulated good and sufficient reasons for this Court to grant the relief requested in the Supplemental Sale Motion, including (i) authorization to execute the Contract of Sale as attorney-in-fact for the Debtors and (ii) approval of the Amended Bidding Procedures, attached hereto as Exhibit "A".

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Supplemental Sale Motion is GRANTED to the extent provided in this Order.

2. All objections to entry of this Order or to the relief provided herein and requested in the Supplemental Sale Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

**THE CONTRACT OF SALE**

3. Sovereign is authorized to execute the Contract of Sale as attorney-in-fact for the Debtors, which Contract of Sale remains subject to higher and better offers.

**The Amended Bidding Procedures**

4. The Amended Bidding Procedures, as set forth in Exhibit "A", are hereby approved in all respects and shall govern all bids and bid proceedings relating to the Premises.

5. The deadline for submitting bids for the Premises (the "Bid Deadline") shall remain November 10, 2011 at 5:00 p.m. prevailing Eastern Time.

6. The Court may, upon application by Sovereign, extend the deadlines set forth in this Order and/or adjourn, continue or suspend the Sale and/or the Sale Hearing provided notice thereof is served upon all potential bidders.

7. Sovereign is authorized to take any and all actions necessary or appropriate to implement the Amended Bidding Procedures.

8. The failure of any person or entity to timely file its objection to the Supplemental Sale Motion shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Supplemental Sale Motion or the relief requested therein, or to the consummation of the Sale contemplated by the contract of sale with the Successful Bidder(s).[1]

### Sale

9. The Sale shall commence at 10:00 a.m. prevailing Eastern Time on November 14, 2011, or such later time or other place as decided by Sovereign, at Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, Uniondale, New York 11556, and Sovereign shall notify all Qualified Bidders of such later time or place.

### Sale Hearing

10. The Sale Hearing shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, on November 22, 2011 at 10:00 a.m., or such later date as approved by the Court, at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 at which time this Court shall (i) consider approval of the Sale to the Successful Bidder(s); (ii) consider the entry of the proposed sale order; (iii) consider any issues or objections that are timely interposed by any parties; and (iv) grant such other or further relief as this Court may deem just or proper.

11. The Sale Hearing may be adjourned by Sovereign, after consultation with the Successful Bidder(s), as applicable, from time to time without further order of the Bankruptcy Court, by filing a notice with the Bankruptcy Court and serving such notice on all Qualified Bidders.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Amended Bidding Procedures.

529024

**Notice**

12. Within five (5) business days after the entry of this Order, Sovereign shall have caused a copy of the Amended Bidding Procedures and this Order to be served upon: (a) the Debtors' secured creditors; (b) the Office of the United States Trustee; (c) the twenty largest unsecured creditors of the Debtors; (d) all entities known to have expressed a *bona fide* interest in acquiring the Premises being sold; and (e) all persons who or which have filed and served a notice of appearance and request for papers in this case via first class mail.

13. The notice as set forth in the preceding paragraphs shall constitute good and sufficient notice of the Supplemental Sale Motion, the Sale, and the Sale Hearing, and no other or further notice of the Supplemental Sale Motion, the Sale, and/or the Sale Hearing shall be necessary or required.

**Additional Provisions**

14. Sovereign is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

15. Sovereign is hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfers law or requirement or any similar law of any state or other jurisdiction which applies in any way to any of the transactions under the contract of sale.

16. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

529024

17. Notwithstanding Bankruptcy Rule 6004(g), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon signature hereof.

Dated: New York, New York
October 21, 2011

        /s/  STUART M. BERNSTEIN
HON. STUART M. BERNSTEIN
United States Bankruptcy Judge

529024